IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR245 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | MEMORANDUM AND ORDER |
| | ) | |
| TORY D'MARLO LEWIS, | ) | |
| LAMONT CLAYBORN, and | ) | |
| RAYMOND COOPER CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 53) issued by Magistrate Judge F. A. Gossett recommending the following:

1. Denial of the motion to suppress filed by Defendant Tory D'Mario Lewis; and

2. Partial grant and partial denial of the motions to suppress filed by Defendants Lamont Clayborn and Raymond Cooper Clark.

No objections have been filed to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendants seek orders suppressing evidence seized and statements obtained as a result of two separate traffic stops that occurred on July 17, 2007. With regard to the stop of Lewis's vehicle on Interstate 80 in Omaha, Nebraska, Judge Gossett determined that the testimony of Douglas County Sheriff's Office Deputy Jason Bargstadt was credible, that probable cause existed to stop Lewis's vehicle based on two traffic violations involving Lewis's vehicle following other vehicles too closely. Judge Gossett also found that Deputy Bargstadt's testimony that he noticed a strong odor of raw marijuana emanating from the vehicle was credible, and that his decision to deploy his canine for a drug sniff of the vehicle was lawful. Based on the canine's alert to the presence of controlled substances

in Lewis's vehicle, Judge Gossett also found that there was probable cause to search the vehicle, and given the discovery of the marijuana, Judge Gossett found that the arrest of Lewis was lawful.

With regard to the stop of the vehicle driven by Clayborn on Interstate 80 in Iowa, Judge Gossett found Iowa State Patrol Sergeant Elmer Pearson's testimony credible. The vehicle in which Clayborn was driving and Clark was riding as a passenger was clocked by Sgt. Pearson at 84 m.p.h. in violation of the posted speed limit. Sgt. Pearson stopped the vehicle based on this violation of the traffic laws. Sgt. Pearson testified that he detained Clayborn and Clark longer than might be expected. Sgt. Pearson stated that before he made the traffic stop, he had knowledge of the NSP's discovery of marijuana in Lewis's vehicle and of the NSP's belief that the two vehicles were traveling together, but that his decision to detain Clayborn and Clark was also necessary to investigate the reason the rental car was being operated by someone not authorized under the rental agreement.

Judge Gossett also concluded that after Sgt. Pearson told Clayborn that they would remain at the scene of the traffic stop for "a long time" if Clayborn did not answer his questions, Clayborn and Clark were in custody. Accordingly, Judge Gossett found that all questions posed by Sgt. Pearson after making the announcement constituted custodial interrogation because Pearson clearly intended to elicit incriminating statements from both Clayborn and Clark. Because neither Clayborn nor Clark had been advised of his *Miranda* rights, Judge Gossett held that all statements, other than routine biographical information, made by Clayborn and Clark after Sgt. Pearson told Clayborn that they were going to be there "a long time," should be suppressed. I agree with the analysis and the conclusion.

Notwithstanding the absence of objections, pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3, the Court has conducted a de novo review of the record. The Court has considered the parties' briefs (Filing Nos. 24. 32, and 38) and the transcripts (Filing Nos. 46 and 52). The Court has also viewed the evidence. Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 53) is adopted in its entirety; and

2. The Defendant Tory D'Mario Lewis's motion to suppress (Filing No. 37) is denied;

3. The Defendant Lamont Clayborn's motion to suppress (Filing No. 23) is granted in part and denied in part as follows:

    The motion is granted as to all statements, other than biographical information, that were provided after Sgt. Pearson stated that they would remain at the scene of the traffic stop "for a long time" until Clayborn answered his questions, and the motion is denied in all other respects;

4. The Defendant Raymond Cooper Clark's motion to suppress (Filing No. 31) is granted in part and denied in part as follows:

    The motion is granted as to all statements, other than biographical information, that were provided after Sgt. Pearson stated that they would remain at the scene of the traffic stop "for a long time" until Clayborn answered his questions, and the motion is denied in all other respects.

DATED this 4th day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge